IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MELDON IRVIN WASHINGTON,

    Petitioner,

v.                                                                 Civil Action No. 3:14CV498

WARDEN HOLLEMBAEK,

    Respondent.

**MEMORANDUM OPINION**

Meldon Irvin Washington, a federal inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed this 28 U.S.C. § 2241 petition[1] ("§ 2241 Petition," ECF No. 1). On March 26, 2015, the Magistrate Judge recommended that the action be dismissed for want of jurisdiction. Washington filed objections. (ECF Nos. 9-10.) For the reasons that follow, Washington's objections will be overruled and the action will be dismissed.

---

    [1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

# I. BACKGROUND

The Magistrate Judge made the following findings and recommendation:

## A. Procedural History and Summary of Washington's Claim

 This Court convicted Washington of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and possession with intent to distribute fifty grams or more of crack cocaine and sentenced him to 360 months on each count to be served concurrently. See United States v. Washington, 24 F. App'x 163, 163 (4th Cir. 2001).[2] The Fourth Circuit affirmed Washington's convictions and sentence. Id. By Memorandum Opinion and Order entered April 30, 2004, the Court denied Washington's first 28 U.S.C. § 2255 motion. United States v. Washington, No. 3:00CR287 (E.D. Va. Apr. 30, 2004). In the ensuing ten years, Washington has filed abundant challenges to his convictions and sentence. Washington's § 2241 Petition again challenges his sentence.

 In his § 2241 Petition, Washington contends that his sentence is unconstitutional in light of the Fourth Circuit's holding in Simmons v. United States, 649 F.3d 237 (4th Cir. 2011).[3] Washington claims that

---

[2] Washington received an enhanced sentence under 21 U.S.C. § 851. (See Br. Supp. § 2241 Pet. 1, ECF No. 2.)

[3] In Simmons, the United States Court of Appeals for the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's

2

under <u>Simmons</u> his two prior felony convictions no longer qualify as felony offenses for purposes of 21 U.S.C. § 851. For the reasons set forth below, the Court RECOMMENDS that this action be DISMISSED FOR WANT OF JURISDICTION.

**B. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion made pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such a motion must be filed with the sentencing court. See <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000) (quoting <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." <u>In re Vial</u>, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996); <u>Hanahan v. Luther</u>, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." <u>Id.</u> (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction

---

    actual level of aggravation and criminal history.

<u>United States v. Powell</u>, 691 F.3d 554, 556 (4th Cir. 2012) (emphasis omitted) (citing <u>Simmons</u>, 649 F.3d at 241).

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." <u>Wilson v. Wilson</u>, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000)).

"in only very limited circumstances." <u>United States v. Poole</u>, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). The "controlling test," <u>id.</u>, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the <u>conduct of which the prisoner was convicted is deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which <u>an individual is incarcerated for conduct that is not criminal</u> but, through no fault of his [or her] own, [he or she] has no source of redress." <u>Id.</u> at 333 n.3 (emphasis added).

C. **Analysis of Washington's 28 U.S.C. § 2241**

Washington fails to satisfy the second prong of <u>In re Jones</u>, 226 F.3d 328, 334 (4th Cir. 2000). Specifically, Washington fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] <u>was convicted is deemed not to be criminal</u>." <u>Id.</u> (emphasis added). The conduct of which Washington stands convicted, conspiracy to possess with the intent to distribute fifty grams or more of crack cocaine and possession with intent to distribute fifty grams or more of crack cocaine, remains a crime.

Moreover, to the extent Washington seeks to proceed by § 2241 to challenge his enhanced sentence under 21 U.S.C. § 851, Washington fails to establish that he can utilize the savings clause and § 2241 to pursue alleged sentencing errors. "Fourth Circuit

4

precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." Poole, 531 F.3d at 267 n.7 (citing In re Jones, 226 F.3d at 333-34); Patterson v. Wilson, No. 3:12CV66, 2013 WL 101544, at *3 (E.D. Va. Jan. 8, 2013) (citations omitted) ("The Fourth Circuit's refusal to allow petitioners to utilize § 2241 to challenge a career offender designation applies with equal force to a challenge to an enhanced sentence under 21 U.S.C. § 851"), aff'd, 523 F. App'x 243 (4th Cir. 2013).

D. **Conclusion**

Accordingly, it is RECOMMENDED that this action be DISMISSED FOR WANT OF JURISDICTION.

II. **STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION**

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate[] [judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). When reviewing the magistrate judge's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

5

### III. WASHINGTON'S OBJECTIONS

Washington "now vividly states he is <u>Actual Innocence</u> of predicate requirement for classification under 21 U.S.C. [§] 851(A)(1)." (Objs. 2, ECF No. 10.) Washington then continues to argue that under <u>Simmons v. United States</u>, 649 F.3d 237 (4th Cir. 2011), he is actually innocent of his enhanced sentence. (<u>Id.</u> at 2-3.) He claims that

> . . . Petitioner's allegations of <u>Actual Innocence</u>, of conviction and sentence under U.S. Code titled 21 U.S.C. [§] 851(A)(1), is not a misapplication of the United States Advisory Guidelines, but a collateral attack of conviction and sentence which inherently resulted in a complete miscarriage of justice that Petitioner has had no earlier opportunity to challenge as intervening change in substantive law negated such convictions far after Washington was convicted and sentenced in November 2000, under erroneous interpretation of priors to be used under 21 U.S.C. [§] 851(A)(1).

(Objs. 7.) Washington's objections, although verbose and heavy with recitation of case law, offer no reason to find error in the Magistrate Judge's conclusion. Washington fails to demonstrate that he may use the savings clause and § 2241 to pursue alleged sentencing errors no matter how he frames his argument. <u>United States v. Surratt</u>, No. 14-6851, --- F.3d ----, 2015 WL 4591677, at *1, *3-8 (4th Cir. July 31, 2015) (foreclosing use of § 2241 and savings clause to raise challenge to sentence under <u>Simmons</u>); <u>United States v. Poole</u>, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing <u>In re Jones</u>, 226 F.3d 328,

6

333-34 (4th Cir. 2000)); Patterson v. Wilson, No. 3:12CV66, 2013 WL 101544, at *3 (E.D. Va. Jan. 8, 2013) (citations omitted); cf. United States v. Jones, 758 F.3d 579, 587 (4th Cir. 2014), cert. denied, 135 S. Ct. 1467 (2015) (explaining that actual innocence jurisprudence providing exception to procedural bars "does not apply to habeas claims based on actual innocence of a sentence.")

The Court has reviewed the record, Washington's objections, and the legal and factual conclusions in the Report and Recommendation, and finds no error. Washington's objections will be overruled.

## IV. CONCLUSION

Washington's objections will be overruled. The Magistrate Judge's Report and Recommendation will be accepted and adopted. The action will be dismissed for want of jurisdiction.

The Clerk is directed to send a copy of this Memorandum Opinion to Washington.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 20, 2015